**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Salgado, | No. CV-22-00420-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Flowers Foods Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Flowers Foods, Inc. and Holsum Bakery's Partial Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 16.) Defendants seek dismissal of Plaintiff's state-law claim for overtime wages, arguing state law does not provide for overtime, does not incorporate federal overtime provisions, and, if it did, the state law would be preempted by federal law. (*Id*. at 4-14.) The Motion is fully briefed. (Docs. 16, 18, 21, 22.) For the reasons that follow, the Court will deny the Motion.

## BACKGROUND

In 2016, James Salgado began working for Holsum Bakery and its parent company, Flowers Foods, as a bakery distributor. (Doc. 13 ¶ 10.) As a distributer, Salgado delivers fresh baked goods to local retailers, operating out of a Tucson distribution center run by Holsum. (*Id.*) In addition to delivery, distributors stock and arrange merchandise, remove damaged goods, and place advertising materials in retail locations. (*Id*. at ¶ 43.)

In his First Amended Complaint (FAC), Salgado alleges that, over the past three years, Defendants have misclassified their distributors as independent contractors and

failed to pay regular and overtime wages. (*Id.* ¶¶ 82–84, 97, 122-23.) The FAC asserts five counts against Defendants. (Doc. 13 at 16-26.) Counts One and Three are relevant to the Motion to Dismiss. In Count One, Salgado, individually and on behalf of other distributors, alleges Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay overtime wages. (*Id.* ¶¶ 90-103.) In Count Three, Salgado, individually and on behalf of Arizona class members, alleges that Defendants violated the Arizona Wage Act (AWA) by failing to timely pay overtime wages.[1] (*Id*. ¶¶ 118-126.) Salgado seeks certification of his FLSA claim as a collective action under the FLSA, (*id.* ¶ 103(a)), and certification of his AWA claim as a class action under Federal Rule of Civil Procedure 23, (*id.* ¶ 126(a)).

## DISCUSSION

**I.     APPLICABLE LAW AND LEGAL STANDARDS**

    A.     Rule 12(b)(6) Motion to Dismiss

To survive a challenge under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The law only requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 555 (cleaned up). Under Rule 12(b)(6), dismissal for failure to state a claim can be based on a lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

    B.     Fair Labor Standards Act

The FLSA requires an employer to pay its employee time and a half for any hours worked above forty in a workweek. 29 U.S.C. § 207(a)(1); *see Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 960 (D. Ariz. 2020) ("The FLSA mandates that employers pay overtime compensation for time worked in excess of 40 hours in a week unless an exemption applies."). An employer who violates § 207 is liable for double damages. 29 U.S.C. § 216(b). The principal purpose behind the FLSA is "to protect all covered workers

---

[1] Count Three also alleges Defendants failed to timely pay regular wages in violation of the AWA. Defendants' Motion to Dismiss pertains only to the overtime portion of the AWA claim.

from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). "The FLSA's minimum wage and overtime provisions are central among the protections the Act affords to workers." *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999).

  C. <u>Arizona Wage Act</u>

The AWA does not require payment of overtime, but it does require that, when due, overtime pay be paid not later than sixteen days after the end of the most recent pay period. A.R.S. § 23-351(C)(3). Under the AWA, an employer may not withhold or divert any portion of an employee's wages. *Id.* § 23-352. Moreover, an employee may recover triple damages for unpaid wages. *See id.* § 23-355(A) ("the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages").

  D. <u>Preemption Doctrine</u>

A fundamental principle of the Constitution is that Congress has the power to replace or supersede state law. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). This power is commonly known as preemption. Preemption comes in three forms: express preemption, field preemption, and conflict preemption. *Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Bonta*, 33 F.4th 1107, 1113–14 (9th Cir. 2022). Only conflict preemption is at issue here. Conflict preemption applies "when (1) compliance with both federal and state regulations is a physical impossibility, or (2) when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015) (cleaned up). Regardless of which type of preemption applies, "the purpose of Congress is the ultimate touchstone of pre-emption analysis." *Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 724 (9th Cir. 2016). Congressional intent to preempt state law, whether express or implied, must be clear and manifest. *Indus. Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997).

## II.   ANALYSIS

Defendants seek dismissal of Salgado's AWA overtime claim arguing that: (i) Arizona law does not provide a substantive right to overtime pay; (ii) the AWA does not incorporate the FLSA's requirement of overtime pay; and (iii) even if Salgado could bring a claim for overtime under the AWA, the claim would be preempted by the FLSA. (Doc. 16 at 4-11.) In support of the third argument, Defendants also assert that allowing Salgado to avail himself of state remedies in the form of treble damages or the opportunity to certify a class action under Rule 23 would undermine congressional intent. (*Id.* at 6-7.) These arguments are interrelated and the Court addresses them in this context.

There is no dispute that the AWA does not require overtime payment by private employers. (*See* Doc. 16 at 4 ("the AWA only sets forth *when* overtime wages must be paid by an employer if they are due to an employee"); Doc. 18 at 5 ("Plaintiff properly alleges a standalone claim for Defendants' failure to *timely* pay all wages due")). Rather, the issue is whether, in providing a remedy for failure to *timely* pay overtime wages, the AWA can incorporate the FLSA's substantive requirement of overtime pay, and, if it can, whether the AWA remedy is preempted by the FLSA. Defendants argue that the AWA must expressly provide for the recovery of overtime wages, as a substantive right, in order for Salgado to invoke its timely payment provision. In the alternative, Defendants argue that the FLSA would preempt such incorporation.[2]

---

[2] The Court recognizes there is an intra-District split on the issue of FLSA preemption of AWA claims. *Compare e.g. Weeks v. Matrix Absence Mgmt. Inc.*, No. CV-20-884-PHX-SPL, 2022 WL 523323, at *4 (D. Ariz. Feb. 22, 2022) (denying motion to dismiss AWA overtime claim because (1) preemption does not apply where the state-law claim borrows from the FLSA making it possible to comply with both laws, and (2) the AWA claim furthers the FLSA's purpose of protecting employees) *and Blazek v. Heavens Urgent Care LLC*, No. CV-21-1425-PHX-DGC, 2022 WL 17361771, at *5 (D. Ariz. Dec. 1, 2022) (citing *Wang* as persuasive authority for conclusion that FLSA's overtime pay provision does not preempt plaintiff's claim for treble damages under the AWA), *with Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2023 WL 2308372, at *2 (D. Ariz. Mar. 1, 2023) (dismissing AWA overtime claim due to conflict preemption), *Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 WL 661975, at *10 (D. Ariz. Feb. 19, 2021) (determining that conflict preemption precludes

Both arguments were addressed and rejected in *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir. 2010), *judgment vacated on other grounds,* 565 U.S. 801 (2011).[3] There, the Ninth Circuit concluded that the FLSA did not preempt a claim brought under a California statute prohibiting fraudulent business practices that borrowed its substantive standard from the FLSA. The court provided two reasons for its conclusion: it was possible for the defendant to comply with both laws simultaneously, and allowing the state claim to proceed furthered Congress's purpose of protecting employees. *Id*. at 760. Notably, the court rejected dicta from its earlier decision, *Williamson v. General Dynamics Corp*., 208 F.3d 1144, 1154 (9th Cir. 2000), which suggested that overtime claims directly covered by the FLSA must be brought under the FLSA. *Id*. at 759. The court also declined to follow *Anderson v. Sara Lee Corp*., 508 F.3d 181 (4th Cir. 2007), where the Fourth Circuit held that the FLSA provides exclusive remedies for its violation, and that state-law claims grounded in FLSA violations are thus preempted. *Id*. at 760. In rejecting the Fourth Circuit's approach, the Ninth Circuit noted that *Anderson* relied on an earlier decision that concerned whether Congress intended a general federal remedial statute, 42 U.S.C. 1983, to apply to FLSA claims—an issue that is distinct from the issue whether independent state-law claims parallel to FLSA claims are preempted. *Id*.

The Ninth Circuit's reasoning in *Wang* is applicable to Salgado's AWA overtime claim and warrants denial of Defendants' motion to dismiss the claim. The AWA's requirement that an employer *timely* pay its employees overtime wages that it owes furthers Congress' purpose of protecting covered employees from substandard wages and oppressive working hours. *See Barrentine*, 450 U.S. at 739. Additionally, it is possible for Defendants, like any other private employer in Arizona, to comply with the relevant provisions of the FLSA and the AWA simultaneously. Employers can be responsible for

---

the plaintiff's AWA overtime claim), *order vacated in relevant part on reconsideration*, No. CV-19-02319-PHX-MTL, 2021 WL 1610199 (D. Ariz. Apr. 26, 2021), *and Wood v. Trivita, Inc.*, CV-08-765-Phx-SRB, 2008 WL 6566637, at *3-4 (D. Ariz. 2008) (relying on pre-*Wang* authority to find state-law claim preempted by the FLSA).

[3] *Wang* has been vacated on other grounds and therefore may be considered for its persuasive authority. *Rosenbloom v. Pyott*, 765 F.3d 1137, 1154 n.14 (9th Cir. 2014).

paying overtime under the FLSA and for the timely payment of the overtime wages as required by the AWA.

The fact that A.R.S. Section 23-355 provides for additional remedies in the form of treble damages and the potential to certify a class does not change this result, "undermine[] congressional intent," or "render[] the enforcement provisions of the FLSA meaningless," as Defendants contend. (Doc. 16 at 6.) The Ninth Circuit has repeatedly rejected the proposition that the FLSA requires the lesser of two damages remedies for employers who violate federal and state wage laws. In fact, the court has reiterated that Congress has specifically authorized states to enforce overtime laws more generous than the FLSA. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1150 (9th Cir. 2000) (cleaned up) ("In addition to protecting workers by establishing a minimum wage and maximum hours, the FLSA contains a savings clause that enables states and municipalities to enact more favorable wage, hour, and child labor legislation."); *Pac. Merch. Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1423–24 (9th Cir. 1990) ("[W]e find no indication in the language or legislative history of the FLSA's savings clause that Congress intended that section 218 not allow states to apply more generous overtime pay laws to maritime workers working on the high seas.").

The Court is unpersuaded by Defendants' arguments to the contrary, and the cases they cite are distinguishable. In *Roberts v. Arizona*, 512 P.3d 1007 (Ariz. 2022), the Arizona Supreme Court did not "reject[] the notion that Arizona statues incorporate the FLSA into Arizona law." (Doc. 16 at 5.) Rather, the court determined which provisions of the FLSA were incorporated into A.R.S. § 23-392, where the statute specifically referenced incorporation, providing for additional compensation for certain law enforcement officers "for each hour worked if by the person's job classification overtime compensation is mandated by federal law." *Id*. at 1013. Because the statute contained only a single reference to federal law, for a specific, limited purpose, the Arizona supreme court concluded that the federal law incorporated by the state statute pertained only to the *rate and method of calculating* overtime, and not, as the state argued, the entirety of the FLSA, including the

1 Portal-to-Portal Act, federal implementing regulations, federal agency interpretative
2 bulletins, and federal court jurisprudence construing federal law and regulations. *Id*. at
3 1011-14. Unlike the statute at issue in *Roberts*, A.R.S. § 23-355 contains no such limiting
4 and specific language. It provides for the timely payment of overtime, with no limitation
5 as to the source of the overtime pay.

6 As to preemption, Defendants rely on *Williamson*. But as noted above, the *Wang*
7 court disclaimed *Williamson's* reasoning. Moreover, *Williamson's* reference to the FLSA's
8 preemption of overtime claims was dicta. Defendants also cite *Wood v. TriVita, Inc.*, No.
9 CV-08-0765-PHX-SRB, 2008 WL 6566637, at \*3 (D. Ariz. Sept. 18, 2008). But *Wood*
10 was decided before *Wang* and relied on dicta from *Williamson* and the Fourth Circuit's
11 ruling in *Anderson,* both of which were rejected by the subsequent decision in *Wang*.
12 Recent decisions from this district that have found the AWA's state-law claims preempted
13 continue to rely on *Wood* and *Williamson*. *See, e.g., Salazar v. Driver Provider Phoenix*
14 *LLC*, No. CV-19-05760-PHX-SMB, 2023 WL 167021, at \*2-3 (D. Ariz. Jan. 12, 2023),
15 *reconsideration denied,* No. CV-19-05760-PHX-SMB, 2023 WL 2308372 (D. Ariz. Mar.
16 1, 2023); *Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL,
17 2021 WL 661975, at \*10 (D. Ariz. Feb. 19, 2021), *order vacated in part on*
18 *reconsideration,* No. CV-19-02319-PHX-MTL, 2021 WL 1610199 (D. Ariz. Apr. 26,
19 2021); *Nelson v. Network Infrastructure Corp.*, No. CIV 09-1172-PHX-DKD, 2010 WL
20 11515662, at \*2 (D. Ariz. Mar. 30, 2010); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 923
21 (D. Ariz. 2010). However, in light of the *Wang* court's rejection of *Williamson* and
22 *Anderson* and the reasoning behind its decision, this Court finds *Wang* more persuasive
23 and declines to employ the reasoning that the Ninth Circuit has already rejected.

24 Finally, Defendants cite *Anderson*, 508 F.3d at 193, for the proposition that the
25 distinct remedies and procedures under state and federal wage laws are so incompatible as
26 to require dismissal of the state-law claim so as to avoid preemption. (Doc. 16 at 6.)
27 Defendants assert that, "[b]ecause an AWA claim brought under Rule 23 does not require
28 Plaintiffs to affirmatively opt in, '[i]t would undermine this balance to allow Plaintiffs to

assert their FLSA claim on behalf of similarly situated employees while using a duplicative state wage-collection law to bootstrap in the more generous procedure of Rule 23.'" (*Id.* at 7.) However, *Anderson* relied on *Kendall v. City of Chesapeake, Virginia*, 174 F.3d 437, 439-43 (4th Cir. 1999), and both *Wang* and *Williamson* rejected *Kendall's* reasoning because *Kendall* did not involve federal preemption of state-law claims. *See Wang*, 623 F.3d at 760 ("*Kendall* is irrelevant to a preemption analysis."); *Williamson*, 208 F.3d at 1153 ("*Kendall* is not a case about federal preemption of state law; rather, it is about whether another federal statute (Section 1983) can support a claim that clearly falls under the FLSA."). Notably, other district courts in this Circuit have rejected Defendants' argument in denying requests to dismiss state-law wage claims as incompatible and in declining requests to forego the exercise of supplemental jurisdiction over such claims. *See, e.g., Ribot v. Farmers Ins. Grp.*, No. CV 11-2404 DDP, 2011 WL 13128072, at *6 (C.D. Cal. Nov. 23, 2011) (adopting the persuasive *Wang* reasoning in denying a motion to dismiss plaintiffs' state-law wage claims); *Madrid v. Peak Constr., Inc.*, No. 2:09-CV-00311 JWS, 2009 WL 10707072, at *6 (D. Ariz. July 23, 2009) (ruling that "economy, convenience, fairness, and comity all militate in favor of exercising, not declining to exercise, supplemental jurisdiction over plaintiffs' Rule 23 state-law claims concurrently with § 216(b) FLSA collective actions."). While Defendants correctly note that supplemental jurisdiction is not pertinent to the claims at hand, the effect of allowing state and federal wage laws to coincide in the same action, even though they employ different procedural schemes, is the same.

**CONCLUSION**

Salgado has sufficiently stated a cognizable claim under the AWA for the timely payment of overtime wages. His AWA overtime claim does not conflict with the FLSA's purpose or remedies. Moreover, the class certification and collective action procedures are not so incompatible as to render the congressional intent behind the FLSA meaningless or to require the dismissal of equally purposeful state wage claims. Accordingly,

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss Salgado's First Amended Complaint (Doc. 16) is **DENIED**.

Dated this 20th day of August, 2023.

Jennifer G. Zipps
United States District Judge